**FILED**

**May 27, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:00 PM**



### TENNESSEE DIVISION OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Tequila Nance | ) | Docket No. 2015-07-007 |
| | ) | |
| Employer: Randstad | ) | State File No. 99483-2014 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Tequila Nance | | | | | X | tequilajnance@yahoo.com |
| Stephanie A. Rockwell | | | | | X | stephanie@speed-seta.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

May 27, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:00 PM



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Tequila Nance ) | Docket No. 2015-07-007 |
| ) | |
| Employer: Randstad ) | State File No. 99483-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

## Affirmed and Remanded – May 27, 2015

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

Employee worked for a temporary agency at a company delivering packages. On the date of the alleged accident, she was in a rush to re-enter her delivery van at a customer's residence when she twisted and felt pain in her left knee. Employer denied Employee's claim for workers' compensation benefits, asserting that Employee's injury did not arise primarily out of and in the course and scope of employment and/or that her actions constituted a significant deviation from her work duties resulting in her alleged injury. The trial court concluded that Employee came forward with sufficient evidence to show that Employee is likely to prevail at a hearing on the merits. Accordingly, the court ordered Employer to provide a panel of orthopedic physicians and to initiate temporary disability benefits. Having carefully reviewed the record, we affirm.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Stephanie A. Rockwell, Lawrenceville, Georgia, for the employer-appellant, Randstad

Tequila Nance, Jackson, Tennessee, employee-appellee, pro se

1

## Factual and Procedural Background

The employee, Tequila Nance ("Employee"), is a 26-year-old resident of Jackson, Tennessee. She was employed by Randstad ("Employer") and was assigned to work at a local FedEx facility in Humboldt, Tennessee, as a temporary driver. On December 16, 2014, Employee was delivering packages in a rural area. Because of a medical condition, she was taking medication which caused frequent urination. Employee testified that she was concerned about locating appropriate facilities along her route. Upon making a delivery in a rural area, Employee became compelled to relieve herself outdoors near a customer's driveway. Unfortunately, the customer's garage door began to open. As she hurried to re-enter her delivery van, she twisted and suffered pain and other symptoms in her left knee.

There is no dispute that Employee timely reported the accident. Employer completed an "Accident Injury Report" two days after the incident. Also, there is no dispute that Employee was not provided a panel of physicians when she reported the incident. Instead, she was referred to a local clinic, Physicians' Quality Care ("PQC"), for evaluation. She first saw a physician on December 16, 2014, and returned three days later, complaining of tightness in her knee. On December 22, 2014, the physician at PQC, Dr. Ellis, diagnosed internal derangement of the knee with a history of locking and continued pain. He restricted Employee from certain work activities and recommended a follow-up appointment with an orthopedic physician. However, Employer did not provide a panel of orthopedic physicians and instead elected to deny further benefits.

Employee filed a Petition for Benefit Determination on January 14, 2015, seeking temporary disability benefits and medical benefits. On January 30, 2015, Employer filed a Form C-23, Notice of Denial, stating that there was "no medical evaluation that complaints are work related." Following unsuccessful efforts to resolve the claim, the mediating specialist issued a Dispute Certification Notice ("DCN") on February 24, 2015. The mediating specialist listed the following disputed issues: (1) whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer; (2) whether Employee was injured while engaged in a significant deviation from work duties; (3) whether Employee is entitled to any past or future temporary total disability benefits and/or temporary partial disability benefits; and (4) whether Employee's compensation rate has been calculated correctly.

On February 24, 2015, Employee filed a Request for Expedited Hearing, seeking an in-person evidentiary hearing. The hearing was conducted on March 30, 2015, and the trial court issued an Order on April 27, 2015, compelling Employer to provide a panel of orthopedic physicians and to initiate temporary partial disability benefits. Thereafter, Employer filed its Notice of Appeal on May 1, 2015. On May 14, 2015, Employer filed a

motion to allow the late-filing of a transcript of the expedited hearing.[1] The Clerk of the Appeals Board received the record and issued the Docketing Notice on May 18, 2015.

## Standard of Review

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). Moreover, the statute details limited circumstances warranting reversal or modification of a trial court's decision:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3) (2015), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[1] Pursuant to Tennessee Code Annotated section 50-6-217(d)(1) (2015), we find sufficient exceptional circumstances exist to grant Employer's Motion for additional time and we accept the late-filed transcript of the expedited hearing.

## Analysis

*Arising Primarily Out of and in the Course and Scope of Employment*

At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Workers' Comp. App. Bd. March 27, 2015); *cf. McCall v. Nat'l Health Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In the present case, Employer asserts that there is insufficient evidence that Employee's alleged injury arose primarily out of or within the course and scope of her employment. Instead, Employer asserts that Employee's actions that led to her alleged injury constituted a significant "deviation" from her work activities, sufficient to break the chain of causation.

Employer stressed throughout its position statement on appeal that Employee's act of "urinating on a driveway" is the critical fact which forms the basis of its defense. In support of its position, Employer cites *Connor v. Chester Cnty. Sportswear Co.*, No. W2001-02114-WC-R3-CV, 2002 Tenn. LEXIS 448 (Tenn. Workers' Comp. Panel Oct. 18, 2002). In *Connor*, the court denied the employee's claim for benefits arising from a knee injury which occurred while the Employee was rising from a toilet at work. The Panel in *Connor* reasoned that "[t]he mere presence of the employee at the place of injury because of the employment is not sufficient, as the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work." *Id.* at *6 (quoting *Houser v. Bi-Lo, Inc.*, 36 S.W.3d 68, 71 (Tenn. 2001)). The Panel then concluded that "[t]he injury has no rational connection to her work duties." *Id.* at *8.

The facts in *Connor* are readily distinguishable from the present case. It was not the act of "urinating on a driveway" that caused Employee's injury, as Employer argues; it was instead the act of re-entering the delivery van, which was a risk inherent in Employee's work. Unlike in *Connor*, there is a rational connection between a twisting injury, which occurred while re-entering a delivery van, and Employee's work duties. The fact that Employee was "in a hurry" to re-enter the van does not, in and of itself, constitute a significant deviation from her normal work duties sufficient to break the chain of causation. Thus, there was sufficient evidence from which the trial court could determine that Employee is likely to prevail at a hearing on the merits concerning whether she suffered an injury which arose primarily out of and in the course and scope of her employment.

*Entitlement to Medical Benefits*

Employer next argues that even if Employee suffered an injury which arose primarily out of and in the course and scope of employment, her current medical complaints are unrelated to the alleged work injury. In support of this position, Employer

4

cites Dr. Keith Ellis's response to a written questionnaire submitted to him by Employer's counsel. On February 4, 2015, Dr. Ellis marked "agree" to the following statement: "Based on my treatment and evaluation of [Employee], it is my expert medical opinion that her employment did <u>not</u> contribute more than 50% in causing her left knee injury." (Emphasis in original.) This statement was prefaced with an indication that his opinion is "to a reasonable degree of medical certainty or probability."

In considering the opinion of Dr. Ellis, the trial court correctly stated that medical proof "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *See Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). The trial court then stated that it is "constrained to evaluate all of the evidence, both lay and expert, at this interlocutory stage of the proceedings to determine if [Employee] is likely to succeed on the merits at a hearing."

There is no indication in the record at this interlocutory stage as to what Dr. Ellis considered in electing to agree with the statement offered to him by Employer's counsel. Employee has had no opportunity to cross-examine Dr. Ellis as to his stated opinion. Moreover, since Dr. Ellis was not selected from a panel of physicians, there is no presumption of correctness that attaches to his causation opinion. The trial court considered Dr. Ellis's statement, noting that Dr. Ellis did not explain the basis for his opinion, "given the history, the consistent diagnoses of all three physicians, and the statements regarding the need for an orthopedic evaluation." The evidence presented to date does not preponderate against the trial court's decision not to accept as dispositive the cursory opinion offered by Dr. Ellis at this interlocutory stage. Of course, Employer may elect to obtain a more detailed statement from Dr. Ellis, take his deposition, or otherwise present his testimony for the trial court's consideration at a subsequent hearing.

Moreover, Employee has presented sufficient evidence of an injury arising primarily out of and in the course and scope of her employment at this interlocutory stage to entitle her to a panel of physicians. Employer does not dispute that the incident occurred. It does not dispute that Employee gave timely notice of the incident. It does not dispute that the physician who initially examined Employee on December 16, 2014, noted that her knee was swollen. Although x-rays were negative for "osseous abnormality," the physician stated that he "cannot rule out internal derangement." Finally, Employer does not dispute that Employee was placed on work restrictions and referred for an orthopedic evaluation. Under the circumstances of this case, Employee has satisfied her burden of showing that she is likely to prevail at a hearing on the merits and the trial court had a sufficient basis to order Employer to provide a panel of physicians.

As noted above, the stipulated medical records show that Employee was assigned work restrictions following the work accident. These work restrictions were to remain in effect "until seen by ortho." As correctly noted by the trial court, Employer presented no proof at the expedited hearing that it offered Employee any opportunity to return to work in a restricted duty capacity. Therefore, the trial court had a sufficient basis at this interlocutory stage to order Employer to initiate temporary partial disability benefits at a rate of $209.42 per week.[2]

## Conclusion

Employee presented sufficient evidence at the expedited hearing regarding the circumstances of her work accident to support the trial court's conclusion that she is likely to prevail at a hearing on the merits. She testified without contradiction that she twisted her left knee while re-entering the delivery van. She did not allege an injury while "urinating on a driveway," as argued by Employer. The act of re-entering the delivery van has a rational connection to her work activities sufficient to establish a causal connection between her injury and a risk inherent to her work. Moreover, given Employee's lay testimony and the totality of the evidence provided to date, the trial court was within its discretion not to accept as dispositive Dr. Ellis's cursory medical opinion at this interlocutory stage. In sum, Employee has come forward with sufficient evidence to support the trial court's conclusion that she is likely to prevail at a hearing on the merits, that she is entitled to a panel of orthopedic physicians, and that she is entitled to temporary partial disability benefits. Therefore, we affirm the trial court's decision and remand the case to the trial court for further proceedings as may be necessary.

**Timothy W. Conner, Judge**
**Workers' Compensation Appeals Board**

---

[2] Although the DCN listed the compensation rate as a contested issue, the wage statement was offered into evidence at the expedited hearing without objection as Exhibit 3 and neither party raised the issue or presented evidence to contradict the information contained in the wage statement.